CASE 86—PETITION EQUITY—FEBRUARY 9.

## Hargis, &c., v. Ditmore, &c.

### APPEAL FROM SIMPSON CIRCUIT COURT.

DEEDS—ESTOPPEL.—R. died, leaving three sons, I., W., and P., his only heirs. I. and W. having received each his portion of his father's land, in consideration of that fact, and at the request of P., executed to the wife of P. a conveyance to "the remaining one-third of said land, * * * with covenant of general warranty." Although P. was not named in the body of the deed as one of the grantors, he signed and acknowledged it as well as I. and W. P. having died, his widow sold the land, and the purchaser resists the payment of the purchase money on the ground that she has no title. The children of P. claim the land as his heirs-at-law. *Held*—That as P. requested I. and W. to convey with warranty the entire tract, although they had title to only an undivided two-thirds, he, to that extent, at least, became a party to the deed, and could not, while living, have recovered any part of the land, and if he could not, neither can his heirs now do so, and to confirm the title to his then wife is but carrying out the purpose of the deed and enforcing his implied agreement to convey to her.

G. W. ROARK FOR APPELLANT.

MILLIKEN & BUSH FOR APPELLEES.

Record and briefs misplaced.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is what effect is to be given to the following deed: "This deed of conveyance between I. H. Miller and wife, W. B. Miller and wife, grantors, and Ann Miller, wife of Philip Miller, grantee, * witnesseth: that whereas, in the division of the lands of Randolph Miller, deceased, among his three sons and heirs, I. H., Wm. B. and Philip Miller, the said I. H. and W. B. have already received each their portion of the land, now, in consideration of said fact, and at the request of said Philip, the grantors hereby deed and convey to Ann Miller the remaining one-third of said land, bounded as follows: * * containing sixty-three acres, the said Ann Miller to have and hold the same to herself, her heirs and assigns forever, with covenant of general warranty. In testimony," etc.

The deed was signed and duly acknowledged by Philip Miller, as well as those specially designated in the body of it as grantors. Philip Miller having died, and his widow having become the wife of Ditmore, she sold the tract of land described in the deed to appellant Hargis, who resisted payment of the purchase price upon the ground she had no title to it. And the three children of Philip Miller being parties, claim it as his heirs-at-law.

Notwithstanding the other two shares of the original tract had previously been conveyed, respectively, to I. H. and Wm. B. Miller, the legal title to two-thirds undivided of the sixty-three acres was still in them, though Philip Miller was entitled to the actual ownership of the whole of it, and might have compelled

them to convey the legal title to himself. But instead of doing so he requested them to convey, not their naked legal title to two-thirds undivided of the land, but to Ann Miller "the remaining one-third of said land," and to covenant to warrant the title thereto. They were, therefore, bound to her for a good title to the whole tract of sixty-three acres, and she could have, at any time, sued them upon that warranty. But Philip Miller having requested them to thus convey with warranty the entire tract, and to that extent, at least, become a party to the deed, could not himself, while living, have recovered any part of the land. And if he could not, neither can his heirs now do so.

If it was not the intention of Philip Miller to have conveyed to his then wife the entire estate in the land, it is hard to tell what was the purpose of the parties in the execution of the deed.

Though Philip Miller was not in terms named in the deed as a grantor, nevertheless he is as much bound by the conveyance and covenant of warranty as if he had in the usual form been so named. And to confirm the title of the land to his then wife is but carrying out the purpose of the deed and enforcing his implied agreement to convey to her.

Judgment affirmed.